IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICKY LEE MEADOWS, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-0181 |
| | § | |
| RICK THALER, | § | |
| | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Ricky Lee Meadows, a state inmate proceeding *pro se*, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging the execution of his sentence. Respondent filed a motion for summary judgment (Docket Entry No. 19), to which petitioner responded (Docket Entry No. 21).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court **GRANTS** summary judgment and **DISMISSES** this lawsuit.

**I. BACKGROUND AND CLAIMS**

Petitioner pleaded guilty to murder in 1988 in Anderson County, Texas, and was sentenced to sixteen years incarceration. From 1991 through 2009, petitioner was released to at least a dozen unsuccessful periods of mandatory supervision. (Docket Entries No. 1, p. 8; No. 20, pp. 1-60.) He currently is in custody of the Reid Correctional Facility.

Petitioner's numerous state habeas challenges to the execution of his sentence were denied by the Texas Court of Criminal Appeals. No findings were made by the trial court.

In the instant petition, petitioner asserts that his flat time has been miscalculated and that his final discharge date should have been in April of 2008. He claims that, as a result, his remaining sentence time was extended from five months to five years without notice or a hearing. Respondent argues that petitioner's flat time credits have been correctly calculated and that this case should be dismissed.

## II. THE APPLICABLE LEGAL STANDARDS

This petition is governed by applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7-8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state-court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330-31.

### III. ANALYSIS

Petitioner claims that he is being unlawfully restrained beyond his discharge date due to a miscalculation of his flat time credits. (Docket Entry No. 1, p. 8.) He states that his sentence should have expired on April 23, 2008,[1] but that, on April 9, 2008, prison officials

---

[1] Petitioner asserts elsewhere that his sentence expired on April 23, 2007. (Docket Entry No. 1-1, p. 2.)

informed him that his sentence would not expire until 2012. *Id.* According to petitioner, the miscalculation is due either to a clerical error, a computer glitch, or a deliberate misdeed. He speculates that his four-month and eleven-day street time credit loss from his most recent revocation was incorrectly entered in prison records as a four-year and eleven-month street time credit loss, which would account for the disputed five year "extension" of his remaining sentence. (Docket Entry No. 1, p. 19.)

Respondent asserts that petitioner's remaining sentence – as to flat time and "street time" – has been correctly calculated. As to the calculation of street time credit, respondent notes that under the applicable state statute in effect at the time of petitioner's offense, he was not entitled to street time following revocation of his release:

> When a person's parole, mandatory supervision, or conditional pardon is revoked, that person may be required to serve the portion remaining of the sentence on which he was released, such portion remaining to be calculated without credit for the time from the date of his release to the date of revocation.

TEX. CODE CRIM. PROC. art. 42.12, § 22. Effective September of 2001, an amendment to Texas state law authorized credit on an inmate's sentence for time spent on parole or mandatory supervision ("street time") if the inmate is not specifically excluded due to the nature of his current or past offenses, and if he has served a significant amount of street time prior to revocation. TEX. GOV'T CODE § 508.283(c). Thus, since 2001, section 508.283(c) awards street time if, at the time the parole revocation warrant is issued, the person has spent more time on release than he had left to serve and he is not a person "described by §

508.149(a)" of the Texas Government Code. Because petitioner was convicted of murder in 1984, he is a person described by section 508.149(a).

The Texas Court of Criminal Appeals recently held that "[e]ligibility under § 508.283(c) for credit against sentence for time spent on early release is determined by the law in effect on the date the releasee's parole or mandatory supervision was revoked, including the version of § 508.149(a) in effect on the date of revocation," rather than on the date of the releasee's original offense. *Ex parte Hernandez*, 275 S.W.3d 895, 897 (Tex. Crim. App. 2009); *see also Ex parte Johnson*, 273 S.W.3d 340, 342-43 (Tex. Crim. App. 2008) (whether a person, whose mandatory supervision is revoked, is entitled by statute to time credit, against the prison sentence upon revocation of mandatory supervision, for time spent on release pursuant to mandatory supervision, depends, in part, on his status on the date of revocation, *i.e.*, whether at such time he is serving a sentence for or has been previously convicted of an offense which makes him ineligible for mandatory supervision). Since at the time of his post-2001 parole revocation, petitioner was a person described in section 508.149(a), he was not entitled to street time credit on his sentence for time spent on parole prior to revocation pursuant to section 508.283(c). Petitioner shows no error in the calculation of his street time credits.

Time credit is also provided for the time spent in confinement pursuant to the execution of a pre-revocation warrant. In his affidavit submitted in support of respondent's

motion for summary judgment, prison employee Program Specialist Charles Valdez testified as follows:

> Offender Meadows was received into TDCJ custody on 12-16-1988 from Anderson County, on a 16-year sentence, Offender Meadows is charged with Murder by the Third Judicial District Court under cause number 20013. Offender Meadows is charged for an offense occurring on 12-16-1984, with sentencing on 11-16-1988, and sentence to begin on 12-22-1984. Offender Meadows was released from TDCJ custody on mandatory supervision on 1-16-1991.
>
> Offender Meadows was returned to TDCJ on various dates due to violation of his mandatory supervision, and released to mandatory supervision several times. The following chart will show these dates:
>
> | Returned to TDCJ | Jail Dates | Warrant # | Release Date |
> |---|---|---|---|
> | 3-1-1996 | 2-25-1996 | Pre-Rev 2-29-1996 | Re-instated on 10-24-1996 due to Warrant Rescission on 8-21-1996 |
> | 8-26-1998 | 7-1-1998<br>5-20-2000<br>8-10-2000 | 6-11-1998<br>5-1-2000<br>8-10-2000 | 4-20-2000- M/S from TDCJ<br>Non Revocation 6-2-2000<br>Transferred to ISF 8-25-2000 |
> | 5-9-2001 | 3-20-2001 | 2-21-2001 | 10-12-2001- M/S to TDCJ |
> | 1-28-2002 [] | 1-28-2002 | 4-17-2002 | 11-18-2002 (M/S []) |
> | 10-29-2003 | 8-29-2003 | 6-28-2003 | 4-20-2004- M/S from TDCJ |
> | 4-5-2005 | 2-18-2005 | 4-10-2004 | 6-15-2005-M/S from TDCJ |
> | 1-3-2006 [] | 1-3-2006 | 6-15-2005 | 3-31-2006 (M/S []) |
> | 7-3-2007 | 10-2-2006 | 3-20-2006 | 8-1-2007- M/S from TDCJ |
> | 4-9-2008 | 12-12-2007 | 8-1-2007 | 4-17-2009-M/S from TDCJ |
>
> On 11-12-2008, Offender's time was adjusted to his return to TDCJ from 8-26-1998. Jail date was changed from 6-11-1992 to 11-2-1997, pursuant to pre-revocation warrant issued 2-29-1996, and pre-revocation warrant issued 6-11-1998. Offender was granted jail credits from 2-25-1996 thru 10-24-

> 1996, and from 7-1-1998 only. Jail credits from 2-5-1996 thru 10-24-1996 were subtracted from the 7-1-1998 jail date, for a final jail date of 11-2-1997.
>
> On 8-6-2009, Offender's time was adjusted to his return from TDCJ from 5-9-2001. Jail was changed from 3-20-2001 to 2-5-2001, due to jail credits from prior warrants issued on 5-1-2000, and 8-10-2000. Offender allowed additional jail credits from 5-2-2000 thru 6-2-2000, 8-10-2000 thru 8-25-2000, and from 3-20-2001 only. Additional jail credits were subtracted from 3-20-2001 jail date, for a final jail date of 2-5-2001.
>
> Offender Meadows would not have been eligible for 'street-time' pursuant to Tx. Gov't Code § 508.283(b), due to current offense.
>
> Offender Meadows was released from TDCJ custody on 4-17-2009 on mandatory supervision with a maximum expiration date of 11-19-2011[.]
>
> Pursuant to Tex. Gov't Code § 501.0081, this office received a time dispute resolution form from offender 1-16-2004, and 5-14-2008 and responded to the offender on 7-22-2004, and 12-17-2008. This office responded to the offender that there was no error in his current time calculations. The offender was further advised that if he was dissatisfied with this response that he should contact State Counsel for Offenders for further assistance.

(Docket Entry No. 19-1, p. 3, emphasis omitted.)

Respondent states that, as shown by this affidavit, an adjustment was made in 2008 to petitioner's first return date apparently due to an erroneous calculation in his flat time. (Docket Entry No. 19, p. 8.) His jail date was originally listed as June 11, 1992, but was subsequently changed to November 2, 1997, pursuant to the pre-revocation warrants issued on February 29, 1996, and June 11, 1998.

Thus, as shown by the summary judgment evidence, after crediting petitioner for time spent in TDCJ confinement following the execution of the pre-revocation warrant in

February of 1996, his newly calculated jail date was November 2, 1997. With the exception of time spent in confinement from the execution of his first pre-revocation warrant to his re-release pursuant to the recision of his revocation, petitioner is not entitled to any street time credit from the date of his mandatory supervision release on January 16, 1991, to the execution of the pre-revocation warrant on July 1, 1998. Petitioner is not entitled to credit from June 11, 1992 – the date originally and apparently erroneously utilized in his time calculation – nor does petitioner's parole record show that he is entitled to such time. Current prison records show that the maximum expiration date of his current sentence is November 19, 2011, and petitioner has not fully served his sixteen-year sentence.

The state habeas court denied relief on petitioner's claim of miscalculated flat time credit. Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment on petitioner's claim.

## IV.  CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 10) is **GRANTED**. The petition for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED** as moot.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 14th day of January, 2010.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE